## Fred Meyer et al. v. The Chicago & S. S. R. T. R. R. Co. et al.

1. PREFERRED DEBTS—*Of Servants and Laborers—When Property is put into Hands of a Receiver.*—Where the property of a company, corporation, firm or person is put into the hands of a receiver, the debts owing to servants and laborers which have accrued by reason of their labor or employment, performed within six months next preceding the transfer of such property, to an amount not to exceed $50, are to be considered and treated as preferred debts. (Act of June 15, 1887.)

Intervening Petition.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed April 9, 1900.

STEERE & FUERER and M. J. RIESE, attorneys for appellants.

NOBLE B. JUDAH and EDWARD C. NICHOLS, attorneys for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

The Northern Trust Company filed a bill in chancery

against appellee to foreclose mortgages executed to secure the payment of 78,000 bonds of appellee for $1,000 each, and for the appointment of a receiver, etc., and such proceedings were had in the cause that, October 5, 1895, a receiver was appointed. Some of the appellants filed an intervening petition December 23, 1895, and others of them August 26, 1896, setting up, in substance, that January 23, 1893, they entered into contracts with appellee by which they were hired for a term of three years at a rising scale of wages, the first increase to take place in six months from the date of the contracts; that they continued in appellee's employ beyond the period for an increase of pay, and faithfully performed their parts of their contracts; that they never received the promised increase, and that their hours of work were increased from eight to ten hours per day without any increase of pay. Some of their claims amounted to more than $50 each.

The only question of law involved is, whether appellants are entitled to a preference for the full amount of their claims, which exceed $50, or whether they are only entitled to a preference to the extent of $50 each, if the claim exceeds that amount, as provided by the act of June 15, 1887, in force July 1, 1887. Hurd's Rev. Stat. 1899, p. 652, Sec. 1.

Seventy-five thousand of the bonds which the mortgages were executed to secure, were issued October 1, 1889, and 3,000 of them January 2, 1893, the act of 1887 being in force at both dates, and also at the dates of appellants' contracts.

The trial court held, correctly, as we think, that the act of 1887 controls, and that none of the appellants is entitled to a preference in excess of $50. See Andrews et al. v. Atwood, 167 Ill. 249; Culver v. Atwood, 170 Ib. 432; Fisher v. Green, 142 Ib. 80.

Appellants' counsel cite numerous cases in the Federal courts to the effect that laborers are entitled as against bondholders of a railroad in the hands of a receiver to a preference for their full claims; but agreeably to the rule

of interpretation *expressio unius exclusio alterius est,* we regard the act of 1887, which in express terms limits the preference in such cases to $50, as exclusive of any other rule on the subject.

The decree will be affirmed.